UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-20495-CR-KMW

UNITED STATES OF AMERICA

vs.

ALAN BROOKS,

    Defendant.

_____/

## FACTUAL PROFFER

Had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

During the period from approximately May 2018 through August 2020 (the "relevant period"), the defendant controlled a series of Florida shell corporations that the defendant set up for the purpose of receiving proceeds of fraudulent activity. These companies included, among others, the following: American Medical Collection Services Inc. ("American Medical"), Bromark International Inc. ("Bromark International"), Renown Regional Medical Center Inc. ("Renown Regional"), and VDMA Attorneys LLC ("VDMA Attorneys") (together, the "Brooks Companies"). The defendant maintained accounts for the Brooks Companies in the Southern District of Florida at the following banks: First Citizen Bank, JP Morgan Chase, PNC Bank, Popular Bank, Suntrust, and Wells Fargo.

On or about May 30, 2018, the defendant entered a Suntrust Bank branch in North Miami Beach and opened an account in the name of VDMA Attorneys. On that same day, the defendant deposited a cashier's check in the amount of $685,900 and withdrew approximately $5,000 in cash.

Shortly thereafter, SunTrust froze the defendant's account after determining that the defendant deposited a counterfeit cashier's check.

From July through August 2019, the defendant controlled a bank account for VDMA Attorneys at First Citizens Bank. During that period, this account received approximately $313,550 from the Nyack Public School Department ("Nyack Schools") in New York. Investigation has revealed that an individual purporting to be a school district contractor directed Nyack Schools to send payments intended for the contractor to the First Citizens Bank account of VDMA Attorneys controlled by the defendant. Law enforcement has confirmed that the contractor did not authorize the defendant or anyone else to divert payment to this account. Bank records of the VDMA Attorneys account revealed transfers from this account to various individuals and a portion maintained by the defendant for his personal use.

From in or around January 2020, through in or around April 2020, the defendant maintained an account for American Medical at Chase Bank. During that period, this account received approximately $750,000 in payments from the Veterans Administration, including payments intended for Sutter Bay Hospital (a hospital in Northern California). For example, on or about January 24, 2020, this account received $74,541.88 from the Veterans Administration intended for Sutter Bay Hospital. These transfers were all wires from outside the state of Florida into the state of Florida. Investigation has revealed that the Veterans Administration received paperwork from someone purporting to be a representative of Sutter Bay Hospital directing the diversion of payments to the defendant's American Medical account. Sutter Bay Hospitals has confirmed that it did not authorize the transfer of funds to the defendant's American Medical account. Bank records of the American Medical account revealed transfers from this account to various individuals and a portion maintained by the defendant for his personal use.

2

During the relevant period, the defendant also maintained accounts for Bromark International, Renown Regional and VDMA Attorneys at Wells Fargo. These accounts received approximately $596,800 in funds from the Small Business Administration in June 2020. None of these business were operating businesses with employees and the funds were transferred primarily to personal accounts of the defendant.

During the relevant period, the defendant knowingly made his accounts available to receive funds that he knew came from fraudulent activity. For example, in July 2020, law enforcement conducted a search warrant at the defendant's residence in Aventura, Florida. Law enforcement identified chats from the defendant's phone that contained various chats between the defendant and co-conspirators involved in the fraudulent schemes. In the chats, the defendant provided wire transfer instructions for accounts to receive fraudulent funds and received wire transfer instructions from co-conspirators for accounts to send proceeds for their benefit. In addition, the defendant specifically requested in one chat an increased share of proceeds "considering the risks" he was taking, including for "money laundering" and "bank fraud."

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 1/10/23

By: _____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

Date: 1/10/23

By: _____
JEFFREY H. SLOMAN
ATTORNEY FOR DEFENDANT

Date: 1/10/23

By: _____
ALAN BROOKS
DEFENDANT

3