UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-20495-CR-KMW

UNITED STATES OF AMERICA

vs.

ALAN BROOKS,

       Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and ALAN BROOKS (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offense with which he is charged. Understanding the right, and after full and complete consultation with his counsel, the defendant agrees to waive his right to prosecution by Indictment, agrees to waive any challenges to the statute of limitations or venue, and agrees that the United States may proceed by way of an information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2. The defendant agrees to plead guilty to the sole count of the information charging defendant with a violation of Title 18, United States Code, Section 1343 (wire fraud).

3. The defendant further understands and acknowledges that, as to the sole count, the Court may impose a statutory maximum term of imprisonment of up to 20 years and a term of supervised release of up to 3 years. Further, the defendant understands that, as to the sole count, the Court may impose a fine of up to $250,000. The defendant further understands and acknowledges that a special assessment in the amount of $100 will be imposed on the defendant

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon recommendation contained in

2

this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the guideline calculation.

- Base Offense Level: 7
- Loss: +16. That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is between $1.5 million and $3.5 million.
- Sophisticated Means: +2. That the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.
- Acceptance of Responsibility: -2
- Timely Notification of Intent to Plead Guilty: -1
- Total Offense Level: 22

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to

3

enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States agrees to recommend that the defendant be sentenced within the advisory guideline range as that range is determined by the Court. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other

4

evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant

5

further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.

13. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

14. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 1/10/23        By: _____
                     MICHAEL N. BERGER
                     ASSISTANT UNITED STATES ATTORNEY

Date: 1/10/23        By: _____
                     JEFFREY H. SLOMAN
                     ATTORNEY FOR DEFENDANT

Date: 1/10/23        By: _____
                     ALAN BROOKS
                     DEFENDANT

7